

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00013-CR

---

KYLE DANIEL MURRAY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 3909, Honorable Stuart Messer, Presiding

---

August 23, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Kyle Daniel Murray, appeals from the trial court's judgment revoking his community supervision and sentencing him to serve seven years in prison. He challenges the judgment through seven issues. Each involves the sufficiency of the evidence supporting the decision to revoke. And, each is founded upon the argument that the "chronos," or chronological records maintained by the probation department, were inadmissible due to a deficient "predicate."[1] We affirm.

---

[1] We note the State did not file an appellee's brief.

*Background*

In mid-February 2019, appellant was placed on community supervision for a period of ten years. The State filed a motion to revoke same, alleging that appellant violated several conditions to remaining on community supervision. At the hearing, the State offered testimony of Becky Fuller, the director of the district's probation department. She utilized the substance of the "chronos" to establish the violations committed by appellant. Appellant objected to that, which objection the trial court overruled. Ultimately, the trial court found the evidence sufficient to support revocation and, therefore, revoked appellant's community supervision, adjudicated him guilty of unlawfully possessing a firearm, and assessed the aforementioned punishment.

*Analysis*

In asserting his complaint at bar, appellant does not precisely explain why he thought the chronological records were inadmissible. He simply alludes to the witness's lacking "personal knowledge of the entries in these 'chronos'" and lack of a "proper predicate [being] . . . made for their admission even as a business record." What elements of the "proper predicate" were missing, according to appellant, went unsaid.

Nevertheless, we have held that a chronological file compiled by a community supervision officer "may be admissible as a business record, even though the testifying witness does not have personal knowledge of the entries in the file, so long as the person who made the entries did have personal knowledge of the facts therein." *Estrada v. State*, No. 07-21-00298-CR, 2023 Tex. App. LEXIS 1049, at *6 (Tex. App.—Amarillo Feb. 17, 2023, no pet.) (mem. op., not designated for publication). Fuller so testified; that is, she said that though she may have lacked personal knowledge about the events described in

the entries, those probation officers who actually made the entries had such knowledge. Other of her testimony revealed that 1) the records were made in the ordinary course of the department's business; 2) the department's regular practice was to make those records; 3) an employee of the department made them; 4) the records were made at or near the time of the event described therein or reasonably soon after the event described therein; and 4) she was the department's director and custodian. In so uttering this information, her testimony addressed, and satisfied, the elements to the business record exception to the hearsay rule. *See* TEX. R. EVID. 803(6)(A)-(D) (specifying the elements). Thus, we cannot say that the trial court erred in admitting the "chronos." Moreover, the evidence within them sufficed to illustrate, by a preponderance of the evidence, that appellant violated one or more conditions of his community supervision. An example of that was appellant's admission to the use of methamphetamine while on probation.

In short, the trial court's decision to revoke had ample evidentiary basis. *See Walker v. State*, No. 07-21-00074-CR, 2021 Tex. App. LEXIS 9389, at *3 (Tex. App.—Amarillo Nov. 18, 2021, no pet.) (mem. op., not designated for publication) (stating that proof of one violation is enough to support the revocation of a defendant's community supervision). So, we affirm the judgment of the trial court.

Brian Quinn
Chief Justice

Do not publish.

3